By the Court, Garvin, J.
It is not disputed that the plaintiffs sold to the defendants goods to the amount of $8614; and that after deducting all payments, and goods returned, there remained a balance due of $2441.34, for which.the plaintiffs have not been paid, and the defendants are liable,' unless' the terms of the contract and subsequent acts of the parties show payments or discharge the defendants from liability. The sale was-made by a writing dated Eew York, January 27, 1862* viz : “ Having this day purchased of Wise & Arnold (enumerating the articles with prices) we do hereby agree to deliver to said Wise & Arnold, Governor Robinson’s vouchers, by' his quartermaster, within a few days after the arrival of said goods at their destination at St. Louis, for the amount of said goods.
Chase, McKinney, & Co.”
■ Vouchers were delivered to the plaintiffs by the defendants, amounting to the sum of more than eight thousand dollars, and a receipt was.given by the plaintiffs, which acknowledges the receipt of “ Governor Robinson’s quarter master’s vouchers to the amount” specified, “inpayment for bill of goods,”' of such a date. These vouchers were simply certificates, or receipts that the goods had been received for account of the United States, from the defendants, hut were not, in any sense, obligations to pay. Afterwards a deduction was made by the government commissioners and the vouchers cut down to the sum of $6000, for which the defendants had a warrant upon the United’ States treasury, which was indorsed over to the plaintiffs, and they received the money, leaving the sum claimed in this action unpaid. The referee reported in favor of the plaintiffs for the amount claimed, with interest; upon which judgment was entered* with costs. The defendants appealed.
• Th'e important question to he considered is, whether the ¿cceptance of the vouchers by the.plaintiffs, and the receipt given by them to the defendants, extinguished the plaintiffs’ demand as against the defendants. There is no question that the plaintiffs had the vouchers, and sent them on.to Washington to the quarter master general; who appointed a commission to. examine the claim and reduced it. On the trial the referee *41 found “ that the said vouchers were not delivered in payment and satisfaction of the demand of the plaintiffs against the defendants on account of the sale and delivery of said merchandise.” I think this finding is fully justified by the evidence. 1. There is not any thing in the contract of sale to show that the vouchers were to be received by the plaintiffs in payment; but it simply provides that vouchers are to be delivered for the amount of said goods. 2. Ho money could be obtained from the government on the vouchers merely. It was necessary they should be presented, audited and a warrant drawn upon the treasury by the proper officer, payable to the order of the defendants, without whose indorsement the money could not be drawn. This is the common and ordinary mode of business with the United States. Thus it is seen the vouchers were not obligations of any kind, either against a corporation, an individual, or the government. Again, the receipt taken in its broadest sense, was open to explanation; and however strong its terms (in a transaction of this description) would not conclude the plaintiffs. The vouchers did not represent the amount the government would pay, for it turned out that they were only for about $6000 ; in other words, the government only recognized them for that amount. It may therefore be said, that the defendants did not furnish vouchers for the amount of the plaintiff's bill of goods, as in their contract they were bound to do, but only for a part thereof; they had the form without the substance. A payment in genuine bank bills of a bank which has failed is a nullity, and will not discharge the debt, although neither party may know of the failure. (Thomas v. Todd, 6 Hill, 340.) Both parties, when the receipt in this case was given, may have supposed the vouchers would be taken by the government as the proper evidence of the amount for which the claim of the defendants would be audited and a warrant issued therefor, but it turned out otherwise, and the vouchers were rejected and repudiated, and Commissioners fixed the amount to be paid. The justice of this case is clearly with the plaintiffs. The defendants had their goods, and are bound to pay for them. We think the findings of the referee *42 were justified by the facts disclosed in the case. The several objections and exceptions taken by the defendants are untenable. The judgment should be affirmed, with costs.